| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>Tyson Takeuchi, SBN 177419<br>Scott Kosner, SBN172379<br>LAW OFFICES OF TYSON TAKEUCHI<br>1055 Wilshire Blvd., Suite 850<br>Los Angeles, CA 90017<br>Tel 213.637.1566<br>Fax 888.977.6310<br>tyson@tysonfirm.com<br>scottk@tysonfirm.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for:* Robert J. Keyan | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JUN 26 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY kaaumoan DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>Robert J. Keyan,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-20150-WB<br><br>CHAPTER: 13<br><br>**ORDER ☒ GRANTING ☐ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

**Creditor Holding Lien to be Avoided** (*name*): U.S. Bank, N.A., dba U.S. Bank Equipment Finance

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).
2. ☒ Notice of this Motion complied with LBR 9013-1(o).
   a. ☒ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.

> *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> *"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. ☒ Motion granted as set forth in the **Attachment** to this order.

4. ☐ Motion denied on the following grounds:    ☐ with prejudice    ☐ without prejudice

   a. ☐ Insufficient notice
   b. ☐ Insufficient evidence of the exempt status of the property in question
   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).
   d. ☐ Insufficient evidence of fair market value.
   e. ☐ Motion is incomplete.
   f. ☐ Other (*specify*):

5. ☐ The court further orders as follows (*specify*):

   ☐ See attached page

###

Date: June 26, 2019

*(signed)* Julia W. Brand
Julia W. Brand
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 2                    F 4003-2.1.AVOID.LIEN.RP.ORDER

**ATTACHMENT TO MOTION/ORDER**
**(11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)**

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** U.S. Bank N.A. dba U.S. Bank Equipment Finance.

2. **Subject Lien:** Date (*specify*): 6/22/2018 and place (*specify*): Los Angeles County Recorder's Office of recordation of lien; Recorder's instrument number or document recording number:2018627614.

3. **Collateral:** Street address, legal description and/or map/book/page number, including county of recording: 172 North Glendora Avenue, Covina, CA 91724. PARCEL 1: (A) An Undivided 1/31st interest in and to Lot 2 of Tract No. 34291, in the City of Covina, as per Map recorded in Book 1041 Pages 78 and 79 of Maps, in the Office of the County Recorder of said County. Except therefrom Units 65 to 95 inclusive as defined and delineated on a Condominium Plan recorded 11/12/1985 as Instrument No. 85-1340213, of Official Records. (B) Unit 91 as defined and delineated on the above-referred to Condominium Plan. PARCEL 2: A non-exclusive easement appurtenant to such Condominium Unit for egress, use and enjoyment on, over and across those portions of the Common Area not set aside in the Declaration or shown on the Condominium Plan as Restricted Common Area.    ☐ See attached page.

4. **Secured Claim Amount**

    a. Value of Collateral: ……………………………………………………………………    $ 350,000.00
    b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
      (1) First lien: ………………………………………………..    ($251,552.97)
      (2) Second lien: ……………………………………………..    ($0.00)
      (3) Third lien: ………………………………………………..    ($0.00)
      (4) Additional senior liens (*attach list*): …………………    ($0.00)
    c. Amount of Debtor's exemption(s): ……………………………    ($100,000.00)
    d. Subtotal: ……………………………………………………………………………….    ($351,522.97)
    e. Secured Claim Amount (negative results should be listed as -$0-):    $0.00

    Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid *pro rata* with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 3    F 4003-2.1.AVOID.LIEN.RP.ORDER